UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**GLOBAL TRAFFIC TECHNOLOGIES, LLC**,

          Plaintiff,

vs.

**EMTRAC SYSTEMS, INC.,**

**KRISTOPHER MORGAN,**

**ANDREW MORGAN, and**

**RODNEY K. MORGAN,**

          Defendants.

Civil No. _____

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

## INTRODUCTION

Emtrac Systems, Inc. ("Emtrac") and individuals operating in the name of Emtrac have infringed U.S. Patent No. 5,539,398 by making, using, selling, and installing traffic control management systems called the Emtrac Priority Control System. Emtrac was involuntarily dissolved by the State of Illinois on September 11, 2009. However, people have continued to use, sell, and install the Emtrac system under the Emtrac name since dissolution. As a result, Kristopher Morgan, the corporate President and Secretary of Emtrac, Andrew Morgan, the corporate Director, and Rodney K. Morgan, the corporate Shareholder, are personally liable for the acts taken in the name of Emtrac after it was dissolved.

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Global Traffic Technologies, LLC ("GTT"), for its Complaint against Defendants Emtrac Systems, Inc. ("Emtrac"), Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan, alleges as follows:

## PARTIES

1. Plaintiff GTT is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 7800 Third Street North, St. Paul, MN 55128.  GTT is a world leader in intelligent transportation systems technology, and provides solutions to improve traffic management and safety using proven technologies and innovation.

2. On information and belief, Defendant Emtrac is a corporation organized under the laws of the state of Illinois, with its principal place of business at 320 South 11th Street, Mt. Vernon, IL 62864.

3. Emtrac was dissolved involuntarily on September 11, 2009.  Attached as Exhibit A is a true and correct copy of the Certificate of Dissolution issued by the Illinois Secretary of State dated September 11, 2009.  On information and belief, since dissolution Emtrac has continued to hold itself out to the public and customers as a corporation.

3. On information and belief, Defendant Kristopher Morgan is the corporate President and Secretary of Emtrac, and is a resident of the State of Illinois.

4. On information and belief, Defendant Andrew Morgan is the corporate Director of Emtrac, and is a resident of the State of Illinois.

5. On information and belief, Defendant Rodney K. Morgan is a corporate Shareholder of Emtrac, and is a resident of the State of Illinois.

## JURISDICTION AND VENUE

6. The claims alleged herein arise under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Emtrac under Minn. Stat. § 543.19. Emtrac has used, marketed, offered to sell, sold, and installed the accused Emtrac System in Minnesota, the use of which directly infringes the patent-in-suit. On information and belief, such infringing products are being used in Minnesota.

9. This Court has personal jurisdiction over Defendant Kristopher Morgan under Minn. Stat. § 543.19. Kristopher Morgan and employees, agents, or individuals working in the name of Emtrac have used, marketed, offered to sell, sold, and installed the accused Emtrac System in Minnesota, the use of which directly infringes the patent-in-suit. On information and belief, such infringing products are being used in Minnesota.

10. This Court has personal jurisdiction over Defendant Andrew Morgan under Minn. Stat. § 543.19. Andrew Morgan and employees, agents, or individuals working in the name of Emtrac have used, marketed, offered to sell, sold, and installed the accused Emtrac System in Minnesota, the use of which directly infringes the patent-in-suit. On information and belief, such infringing products are being used in Minnesota.

11. This Court has personal jurisdiction over Defendant Rodney K. Morgan under Minn. Stat. § 543.19. Rodney K. Morgan and employees, agents, or individuals working in the name of Emtrac have, used, marketed, offered to sell, sold, and installed the accused Emtrac System in Minnesota, the use of which directly infringes the patent-in-suit. On information and belief, such products are being used in Minnesota.

12. Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

## PATENT-IN-SUIT

13. On July 23, 1996, U.S. Patent No. 5,539,398 ("the '398 patent"), entitled "GPS-Based Traffic Control Preemption System," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '398 patent is attached as Exhibit B.

14. Plaintiff GTT is the owner by assignment of all right, title, and interest in the '398 patent.

## COMPLIANCE WITH 35 U.S.C. § 287(a)

15. Plaintiff GTT makes and sells traffic preemption systems, including the Opticom™ GPS System, the use of which are covered by one or more claims of the '398 patent.

16. To the extent 35 U.S.C. § 287(a) applies to any claims in this lawsuit, Plaintiff GTT has complied with the requirements of § 287(a) by marking its products with the '398 patent.

## CLAIM FOR RELIEF FOR PATENT INFRINGEMENT AGAINST EMTRAC

17. Plaintiff GTT realleges and incorporates by reference paragraphs 1 through 16 as if fully stated herein.

18. Defendant Emtrac developed, manufactured, marketed, offered to sell, and/or sold traffic control management systems, including the Emtrac Priority Control System (the "Emtrac System").

19. Emtrac's traffic control management systems, including the Emtrac System, are covered by at least one claim of the '398 patent.

20. Defendant Emtrac has knowledge of the '398 patent.

21. Prior to its dissolution Emtrac was directly infringing, actively inducing others to infringe, and/or contributing to the infringement of the '398 patent by making, using, marketing, offering to sell, selling, and installing the Emtrac System in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271.

22. Under 805 ILCS 5/12.80(2), a dissolved corporation remains liable for claims that accrued prior to dissolution provided that the claim was brought within five (5) years of the dissolution.

23. As a result, Emtrac remains liable for its direct infringement, contributory infringement, and active inducement of infringement of the '398 patent.

24. On information and belief, Emtrac and individuals acting in the name of Emtrac will continue to directly infringe, actively induce others to infringe, and/or contribute to the infringement of the '398 patent unless and until those infringing activities are enjoined by this Court.

25. Plaintiff GTT will continue to be damaged and irreparably harmed unless and until Emtrac's infringing activities are enjoined by this Court.

## CLAIM FOR RELIEF FOR PATENT INFRINGEMENT AGAINST DEFENDANTS KRISTOPHER MORGAN, ANDREW MORGAN, AND RODNEY K. MORGAN

26. Plaintiff GTT realleges and incorporates by reference paragraphs 1 through 25 as if fully stated herein.

27. On information and belief, Defendants Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan, the corporate officers, directors, and owners of Emtrac, and their employees, agents, and other individuals working at their direction continued to conduct the business of Emtrac since Emtrac was dissolved.

28. Defendants Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan, and their employees, agents, and other individuals working at their direction in the name of Emtrac directly infringed, actively induced others to infringe, and/or contributed to the infringement of the '398 patent by making, using, marketing, offering to sell, selling, and installing the Emtrac System in this district and elsewhere in the United States, in violation of 35 U.S.C. § 271 since Emtrac was dissolved.

29. On information and belief, Defendants Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan knew or should have known that Emtrac was dissolved while continuing to act in the name of Emtrac.

30. Emtrac was permitted to undertake under 805 ILCS 5/12.40(c) only limited activities following dissolution, namely, barring claims known on the date of dissolution in a claims barring process that must be initiated within 60 days of dissolution, winding up the corporation, and defending against claims incurred prior to dissolution.

31. Defendants Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan assumed corporate powers without authority to do so by continuing to carry on the business of Emtrac and conducting activities beyond the limited activities permitted by 805 ILCS 5/12.40(c).

32. As a result, Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan are jointly and severally liable for all debts and liabilities, including liability for patent infringement, incurred by Emtrac after its dissolution pursuant to 805 Ill. Comp. Stat. 5/3.20.

33. Defendant Andrew Morgan, as the sole director of Emtrac, carried on the business of Emtrac further than was necessary for the winding up of Emtrac after it was dissolved.

34. As a result, Andrew Morgan is jointly and severally liable for all debts and liabilities, including liability for patent infringement, incurred by Emtrac after dissolution pursuant to 805 Ill. Comp. Stat. 5/8.65(3).

35.     On information and belief, Defendants Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan, their employees, agents, and others working at their direction in the name of Emtrac will continue to directly infringe, actively induce others to infringe, and/or contribute to the infringement of the '398 patent unless and until the infringing activities of Kristopher Morgan, Andrew Morgan, Rodney K. Morgan, and all other employees, agents, and individuals working at their direction in the name of Emtrac are enjoined by this Court.

36.     Plaintiff GTT will continue to be irreparably harmed unless and until the infringing activities of Defendants Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan, and employees, agents, and other individuals working at their direction in the name of Emtrac are enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff GTT respectfully requests that this Court:

A.     Enter judgment that Emtrac, Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan have infringed the '398 patent in violation of 35 U.S.C. § 271;

B.     Enter orders preliminarily and permanently enjoining Emtrac, Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan, and any other respective officers, agents, servants, employees, and all persons in active concert or participation with any of the foregoing, who receive actual notice by personal service or otherwise of the orders, from infringing the '398 patent in violation of 35 U.S.C. § 271;

-9-

      C.      Award Plaintiff GTT damages in amounts sufficient to compensate it for the infringement of the '398 patent by Emtrac, Kristopher Morgan, Andrew Morgan, and Rodney K. Morgan, together with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

      D.      Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff GTT its attorneys' fees, expenses, and costs incurred in this action; and

      E.      Award Plaintiff GTT such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff GTT respectfully requests a trial by jury of any and all issues on which a trial by jury is available under applicable law.

Dated:    September 30, 2010

/s *James W. Poradek*

---

David J. F. Gross (No. 208772)
James W. Poradek (No. 290488)
Timothy E. Grimsrud (No. 34283X)
Ari B. Lukoff (No. 390025)
**FAEGRE & BENSON LLP**
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, Minnesota 55402-3901
Telephone:  (612) 766-7000
Fax:  (612) 766-1600

*Attorneys for Plaintiff*
*Global Traffic Technologies, LLC*

fb.us.5664421.09