# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> EMTRAC SYSTEMS, INC., KRISTOPHER MORGAN, ANDREW MORGAN, RODNEY K. MORGAN, and KM ENTERPRISES, INC., <br><br> Defendants. | Civil No. 10-4110 (ADM/JJG) <br><br> **DEFENDANTS' OPPOSITION TO GTT'S MOTION *IN LIMINE* #3 TO EXCLUDE ALLEGEDLY UNDISCLOSED INVALIDITY DEFENSES** |
| KM ENTERPRISES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GLOBAL TRAFFIC TECHNOLOGIES, LLC, <br><br> Defendant. | |
| GLOBAL TRAFFIC TECHNOLOGIES, LLC <br><br> Plaintiff, <br><br> v. <br><br> STC, INC., <br><br> Defendant. | |

## INTRODUCTION

Consider the following hypothetical discovery request: "Plaintiffs request that Defendants disclose all expert opinions, expert theories, and expert testimony, in complete and final form, and in complete accordance with Rule 26, one year before the expert disclosure deadline." No court would sanction a defendant for failing to comply with such an unreasonable request.

But that is exactly what GTT asks this Court to do in its Motion *In Limine* #3. GTT asks the Court to exclude certain opinions and testimony offered by Defendants' technical expert, Scott Andrews, in his opening report. GTT contends that certain expert opinions and testimony timely disclosed and offered by Andrews were not fully and completely disclosed during *fact* discovery, and should therefore be excluded. GTT's motion should be denied for three reasons.[1]

*First*, Defendants advised GTT in response to its interrogatories that it would disclose expert opinions in its expert reports. Defendants told GTT not once but twice that its interrogatories improperly sought "disclosure of experts' identities, opinions, and/or reports" in a manner inconsistent with the rules of civil procedure and the Court's Rule 16 order. Defendants disclosed their expert opinions at the proper time – in their expert reports. GTT cites no authority for the proposition that a party is entitled to complete and final expert opinions before the deadline for disclosing expert opinions.

---

[1]   GTT' Motions *In Limine* No. 3, 4 and 5 all seek to exclude allegedly "new" evidence offered by Defendants' expert, Scott Andrews. As discussed separately in each response, Andrews has not offered any new evidence, and all opinions expressed in his report were properly disclosed. Defendants incorporate the arguments set forth in their responses to GTT's Motions *in Limine* Nos. 4 and 5 in this response.

*Second*, Defendants disclosed the bases for their defenses in their supplemental disclosures. GTT admits that it received the supplemental disclosures, but complains that the supplemental disclosures were somehow not specific enough to allow GTT to pinpoint every detail of each defense – "GTT could not glean anything from Defendants' supplemental response as to the nature of any written description or enablement defense." (GTT Brief at 5.) But the discovery rules simply require parties to disclose and supplement, not disclose and supplement to the other party's complete satisfaction.

*Third*, GTT's expert responded to and opined on each and every supposedly "new" theory that GTT complains of. GTT cannot complain of prejudice when its expert responded to and attempted to rebut the supposedly "new" theories.

The lack of prejudice dooms GTT's motion to exclude. GTT's Motion *in Limine* No. 3 should be denied.

## BACKGROUND

**A.   Scott Andrews' Opinions Were Properly Disclosed in His Expert Reports.**

GTT complains about four supposedly "new" theories disclosed in Scott Andrews' expert reports: (1) the '398 patent contains unpatentable subject matter, and is therefore invalid under 35 U.S.C. § 101; (2) the '398 patent is invalid under Section 112 because it lacks a proper written description; (3) the '398 patent is invalid under Section 112 because it is not enabling; and (4) the '398 patent is invalid under Section 112 because it is indefinite. (GTT Brief at 1-2.) 93) Each theory was properly disclosed at the very beginning of the case, and later supplemented in Scott Andrews' expert report.

GTT acknowledges that the complained-of theories were first disclosed in Defendants' complaint, and answer to GTT's complaint. (GTT Brief at 3.) In response to GTT's interrogatories seeking the bases of each theory, Defendants stated as follows: "[Defendants] further object to this Interrogatory as premature to the extent it seeks disclosure of experts' identities, opinions, and/or reports in a manner inconsistent with the Federal Rules of Civil Procedure and the Court's Rule 16 Scheduling Orders." (Sullivan Decl. Ex. 8 at p. 11; Ex. 9 at p. 33-34.)[2]  KME went further, advising GTT that it objected to the expert interrogatory "to the extent it calls for expert opinion or legal conclusions." (Sullivan Decl. Ex. 9 at p. 34.) KME then advised GTT that

> KME-Related Parties will supplement their response to this Interrogatory, *including in the form of expert reports, expert testimony, and pretrial disclosures* consistent with the Court's Rule 16 Scheduling Order entered on December 20, 2010, and the Federal Rules of Civil Procedure. *KME-Related Parties hereby incorporate KME-Related Parties' forthcoming expert reports, expert testimony, and pretrial disclosures by reference.*

(Sullivan Decl. Ex. 9 at p. 34, emphases added.)

Thus, GTT knew early on that Defendants would disclose their expert opinions at a later date – during expert discovery. Infringement, invalidity, and damages are almost always the domain of expert witnesses in complex patent cases. GTT cannot claim prejudice because Defendants reserved the right to disclose expert opinions during

---

[2] GTT filed a number of exhibits in support of its various motions *in limine*. GTT's exhibits are attached to the Sullivan Declaration, which was filed contemporaneously with GTT's motions *in limine*. All exhibits referenced in this and Defendants' other responses are included in the Sullivan Declaration, unless otherwise specifically noted.

expert discovery. GTT reserved the same right in response to an interrogatory about the level of ordinary skill in the art:

> GTT's analysis of the level of ordinary skill in the art is continuing, and GTT reserves the right to change or supplement this interrogatory based on its investigation, Emtrac's position on the level of ordinary skill in the art, *and expert reports*.

(Newby Decl. Ex. A at 20.)

In his expert report dated September 17, 2012, Scott Andrews explained in great and exhaustive detail the bases for his invalidity opinions, including invalidity under Sections 101 (lack of patentable subject matter), and invalidity under Section 112 (lack of written description, lack of enablement, and indefiniteness). (Sullivan Decl. Ex. 12 at 52-218.) Thus, Defendants did exactly as they promised – they disclosed their invalidity theories early in the case, and then disclosed their expert opinions in their timely expert reports.

### B.  Defendants Disclosed Additional Bases for Their Defenses in Their Supplemental Disclosures.

Despite advising GTT that it would provide its expert reports at the appropriate time, Defendants nonetheless supplemented their interrogatory responses to provide more detail (even though not yet necessary) on three of the four defenses that GTT now complains are "new." In so doing, Defendants incorporated by reference their previous objections and answers to the interrogatory, and provided their supplemental disclosures without waiving or limiting their right to later supplement their answers, *i.e.*, in their expert reports. (Sullivan Decl. Ex. 10 at p. 10; Ex. 11 at p. 7.) In addition, Defendant STC provided its supplemental disclosures subject to the following objection:

5

> STC objects to each and every Interrogatory as premature to the extent they seek disclosure of experts' identities, opinions, and/or reports in a manner inconsistent with the Federal Rules of Civil Procedure or the Court's Rule 16 Scheduling Order entered on December 20, 2010.

(Sullivan Decl. Ex. 11 at p. 3.)

Defendants then disclosed the following to GTT:

1.  <u>Written Description Disclosure and Enablement Disclosure.</u>

> The *written description* of the means, methods, structures and apparatus within the '398 Patent pertaining to maps, mapping, maps of allowed approaches, and related transmissions, comparisons and evaluations and priority determinations is insufficient and *lacks such full, clear, concise, and exact terms as to enable a person of ordinary skill in the art to which it pertains to make and use the alleged invention*.

(Sullivan Decl. Ex. 10 at p. 11; Ex. 11 at p. 10, emphases added.)

GTT complains that this supplemental disclosure was not specific enough, and that "GTT could not glean anything from Defendants' supplemental response as to the nature of any written description or enablement defense." (GTT Brief at 5.) This objection is meritless -- Defendants had already specifically advised GTT that (1) its question improperly sought expert testimony and opinion, (2) Defendants reserved the right to supplement their disclosures; and (3) Defendants would produce expert testimony and reports at the proper time. GTT cites no law for the proposition that timely and sufficient disclosures can be excluded because the opposing party simply finds them unsatisfactory. Neither does GTT cite any authority for the proposition that a party can exclude timely and complete expert disclosures simply because the party wanted them well before the deadline for producing them.

2.  <u>Indefiniteness Disclosure.</u>

6

In their supplemental disclosures, Defendants provided almost five pages of detailed arguments outlining why the '398 patent is indefinite under Section 112 of the patent code. (Sullivan Decl. Ex. 10 at p. 12-16; Ex. 11 at p. 10-14.) But GTT complains that the detail provided in the supplemental disclosures does not line up word-for-word with the indefiniteness arguments contained in Scott Andrews' report. (GTT Brief at 5.) This too is a meritless argument. Defendants had already (1) objected to GTT's interrogatory because it improperly sought expert testimony and opinion; (2) reserved the right to supplement their disclosures; and (3) agreed to produce expert testimony and reports at the proper time. (Sullivan Decl. Ex. 10 at p. 10; Ex. 11 at pp.3, 7.)

Defendants provided GTT with more than enough information about their written description and indefiniteness defenses, both during fact discovery, and in expert discovery. Defendants promised to supplement their responses via expert reports, and they did just that. And as discussed below, Scott Andrews timely offered his opinion regarding lack of patentable subject matter, and GTT's expert responded to that opinion.

**C.    GTT's Infringement Expert Analyzed and Opined on the Very Points GTT Now Complains About.**

Noticeably absent from GTT's brief is any mention of prejudice or harm that GTT suffered. This is not surprising – GTT's infringement expert, Charles Neuhauser, responded to each of the allegedly "new" theories in his rebuttal report dated October 17, 2012. Specifically, Neuhauser addressed and responded to the following arguments that Scott Andrews made in his timely expert report: (1) the '398 patent contains unpatentable subject matter, and is therefore invalid under 35 U.S.C. § 101 (Sullivan Decl. Ex. 13 at

7

13, 201-03); (2) the '398 patent is invalid under Section 112 because it lacks a proper written description (Sullivan Decl. Ex. 13 at 12, 191-97); (3) the '398 patent is invalid under Section 112 because it is not enabling (Sullivan Decl. Ex. 13 at 12, 191-97); and (4) the '398 patent is invalid under Section 112 because it is indefinite (Sullivan Decl. Ex. 13 at 12-13, 197-201).[3]

GTT cannot credibly claim prejudice, when its own expert opined on the very topics discussed in Scott Andrews' report.

**D.   GTT Deposed Scott Andrews on the on the Very Points GTT Now Complains About.**

On November 13, 2012, after Andrews had submitted his report and Neuhauser had submitted his rebuttal report, GTT deposed Scott Andrews. During the deposition, GTT's counsel questioned Andrews on his opinions concerning the written description argument (Sullivan Decl. Ex. 5 at pp. 348-351); the enablement argument (*Id.* at pp. 346-351); and the indefiniteness argument (*Id.* at pp. 346-51). GTT's counsel apparently chose not to question Andrews about his unpatentable subject matter arguments, but not for lack of opportunity.

To recap: Scott Andrews offered the four supposedly "new" and previously undisclosed opinions in his report dated September 17, 2012. (Sullivan Decl. Ex. 12.) GTT's expert specifically addressed and rebutted each of those arguments in his rebuttal report dated October 17, 2012. (Sullivan Decl. Ex. 13.) And GTT deposed Andrews and

---

[3]   Neuhauser's responses and rebuttals to each of the arguments are found at the cited pages of Exhibit 13 of the Sullivan Declaration.

questioned him about his report on November 13, 2012.  (Sullivan Decl. Ex. 13.)  Yet GTT asserts that the "new" opinions should be excluded.

## ARGUMENT

**A.     Defendants Properly Disclosed Scott Andrews' Opinions Under Rule 37.**

Fed. R. Civ. P. 37(c)(1) allows sanctions only for a "failure to disclose or supplement" under Rules 26(a) or (e).  Defendants advised GTT during fact discovery that they would provide detailed information regarding their invalidity defenses "in the form of expert reports, expert testimony, and pretrial disclosures." (Sullivan Decl. Ex. 9 at p. 34.)  Defendants also reserved the right to supplement their invalidity defenses in "forthcoming expert reports, expert testimony, and pretrial disclosures by reference." (*Id.*)  Defendants provided the information in Scott Andrews' expert report, as they promised, and as discussed above.

Rule 26(a) governs expert disclosures.  *See, e.g,* Fed. R. Civ. P. 26(a)(2) (disclosure of expert testimony).  Defendants provided the information in Scott Andrews' expert report.  Thus, Defendants properly disclosed and supplemented in accordance with Rule 26(a).

Rule 26(e) governs supplemental disclosures in general, and supplemental disclosures of expert witness reports. (Fed. R. Civ. P. 26(e)(1), (2).  Defendants first timely advised GTT that their complete invalidity defenses would be disclosed in expert reports, and then timely submitted their expert reports.  GTT does not contend that Andrews failed to supplement his expert report.  Thus, Defendants properly disclosed and

supplemented in accordance with Rule 26(e).  Because Defendants properly disclosed their invalidity opinions, including lack of patentable subject matter, lack of written description, lack of enablement, and indefiniteness under Rule 37(c)(1), GTT's motion should be denied for this reason alone.

Moreover, even if a party fails to disclose or supplement, exclusion is not warranted if the failure is harmless.  Fed. R. Civ. P. 37(c)(1).  GTT makes no effort to identify any harm, because it cannot – its own expert reviewed and attempted to rebut the very topics addressed by Scott Andrews in his report.  GTT asks this Court to bar Defendants' expert from offering opinions that GTT's expert had the opportunity to review and rebut.  Because GTT cannot identify any prejudice from Andrews' timely report – and because there was no failure to disclose or supplement under Rule 26(a) or Rule 26(e)  – exclusion under Rule 37 is not justified.

**B.     GTT Should Have Filed a Motion to Compel, not a Motion *in Limine*.**

Just days before trial, GTT seeks to prevent Defendants from introducing supposedly "new" evidence.  But if GTT really thought Defendants had failed to comply with discovery questions, GTT should have filed a proper motion to compel.  GTT did not file a motion to compel, and they should not be allowed to file one now.

The Rule 37(a) certification requirement is intended for those situations where one party waits until the eve of trial to file a motion *in limine* regarding alleged discovery violations.  Courts will not permit a party to seek a remedy for alleged discovery violations through motions *in limine* filed on the eve of trial.  *See Robert Billet Promotions, Inc. v. IMI Cornelius, Inc.*, 1998 WL 150957 (E.D. Penn. March 30, 1998)

(denying defendants' motions *in limine* which sought to preclude plaintiff from offering into evidence certain materials that should have been produced during discovery due to defendants' failure to act during discovery). Courts will not permit a party to delay pursuit of an alleged discovery violation and then seek a remedy under Rule 37. *See, e.g., JOM, Inc. v. Adell Plastics, Inc.*, 193 F.3d 47 (1st Cir. 1999) (affirming denial of motions *in limine* filed on the eve of trial for alleged discovery violations which were known to plaintiff during discovery).

"A]llowing a party to seek to exclude testimony without first taking the less drastic action of attempting to compel production of the requested information seems like permitting a party to play discovery 'gotcha.' When a party deems a discovery production to be lacking, it generally has two choices after unsuccessfully attempting to resolve the conflict: it can file a motion to compel, or it can let the conflict go and elect to do nothing further to obtain the information at issue." *See, SEC v. Huff,* 2010 WL 228000 at *3 (S.D. Fla. Jan. 13, 2010). Once a party registers a timely objection to requested production, the initiative rests with the party seeking production to move for an order compelling it. *See, Clinchfield R. Co. v. Lynch*, 700 F.2d 126, 132 n. 10 (4th Cir.1983). Failure to pursue a discovery remedy in timely fashion may constitute a waiver of discovery violations. *See, DesRosiers v. Moran*, 949 F.2d 15, 22 n. 8 (1st Cir.1991).

GTT did not file a Rule 37 motion to compel because it knew such a motion would be futile, given Defendants' timely expert disclosures. The Court should not allow GTT to file a back-door motion to compel now, when it could have done so earlier.

## CONCLUSION

Because Defendants' invalidity arguments under Sections 101 and 112 were timely and properly disclosed, GTT's Motion *in Limine* No. 3 should be denied.

Dated:  September 3, 2013            **LEFFERT JAY & POLGLAZE, P.A.**


/s Jonathan D. Jay
Jonathan D. Jay, #18603x
Terrance C. Newby, # 0254587
200 South Sixth Street, Suite 3200
Minneapolis, Minnesota  55402
Tel: (612) 312-2200
Fax: (612) 312-2250
Email: jjay@ljp-iplaw.com

**Attorneys for STC, Inc., Emtrac Systems, Inc., Kristopher Morgan, Andrew Morgan, Rodney K. Morgan, and K.M. Enterprises, Inc.**