# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Global Traffic Technologies,
LLC,

        Plaintiff,

v.

Emtrac Systems, Inc., Rodney K.
Morgan, STC, Inc., and KM
Enterprises, Inc.,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-4110 ADM/JJG

_____

Chad Drown, Esq., Timothy E. Grimsrud, Esq., Timothy Sullivan, Esq., and Lauren J. Frank, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Global Traffic Technologies, LLC.

Jonathan D. Jay, Esq., and Terrance C. Newby, Esq., Leffert Jay & Polglaze, P.A., Minneapolis, MN, on behalf of KM Enterprises, Inc., STC, Inc., and Rodney K. Morgan.

_____

## I. INTRODUCTION

On November 7, 2013, the undersigned United States District Judge heard oral argument on Plaintiff Global Traffic Technologies, LLC's ("GTT") Motion for Preliminary and Permanent Injunction [Docket No. 333] and Defendants Rodney K. Morgan, STC, Inc., and KM Enterprises, Inc.'s (collectively, the "Defendants") Motion to Deny Injunctive Relief [Docket No. 328].[1] For the reasons stated on the record and affirmed below, Plaintiff's motion for injunction is granted.

---

[1] The Motion to Stay Execution of Money Judgment [Docket No. 347] was prematurely filed and denied on the record as moot as agreed by counsel.

## II.  BACKGROUND

On September 20, 2013, a jury found that GTT proved by a greater weight of the evidence that Defendants infringed GTT's Patent No. 5,539,398 (the "'398 Patent").  The jury rejected Defendants' invalidity defenses concerning the '398 Patent and calculated damages in the amount of $5,052,118.  Finally, the jury found by clear and convincing evidence that Defendants willfully infringed the '398 Patent.

GTT now moves for a permanent injunction against Defendants.  Under the proposed injunction, Defendants would be prevented from continuing to violate the '398 Patent by manufacturing, selling, offering for sale, using, or importing the infringing Emtrac GPS System to new customers.  The proposed injunction would also prevent Defendants from assisting current customers expand their current systems with additional purchases of infringing products.  However, the injunction allows Defendants to continue to service current customers, that is, to manufacture, sell, offer for sale, use, or distribute software, hardware, and instructions for the purpose of programming or enabling the use of existing Emtrac GPS Systems.

## III.  DISCUSSION

Under 35 U.S.C. § 283, courts "may grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by the patent, on such terms as the court deems reasonable."  Accordingly, the Supreme Court has required satisfaction of a four factor test before an injunction may be granted.  Plaintiff must demonstrate:

1) that it has suffered an irreparable injury;
2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury;
3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and,
4) that the public interest would not be disserved by a permanent injunction.

eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006).

      **1.     Irreparable Injury**

      The Federal Circuit has advised finding irreparable harm and imposing an injunction "where the patentee and adjudged infringer both practice the patented technology" and are in direct competition with one another, even when there is some evidence of other competitors in the market. Robert Bosch LLC v. Pylon Mfg. Corp., 659 F.3d 1142, 1150-51 (Fed. Cir. 2011). In this case, the jury was presented with compelling evidence that the two main competitors in the traffic preemption business are GTT's Opticom GPS System and Defendants' Emtrac GPS System. Defendant Rodney Morgan testified that his company is "competing hard against GTT for sales to cities" and that, "a city is going to select essentially one of those two, GTT or Emtrac." This intense competition between the parties suggests that an injunction is appropriate. In addition, at the hearing, Plaintiff informed the court of current, ongoing bids for contracts. Plaintiff has concerns about Defendants' efforts at competing for those contracts. Defendants' counsel could not assure the Court that Defendants would not attempt to compete for open bids. In a direct competition context, "price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." Celsis in Vitro, Inc. v. CellzDirect, Inc., 664 F.3d 922, 930 (Fed. Cir. 2012). Therefore, on the record before the Court, GTT has demonstrated it would suffer irreparable harm absent an injunction.

      **2.     Remedies at Law**

      Defendants have represented to the Court having a shaky financial situation, claiming they "will likely have to file for bankruptcy" if the money judgment is executed against them,

and that they do "not have enough assets to satisfy the current judgment." Mem. Supp. Mot. Stay Execution of J. [Docket No. 348] 4; Decl. Brad Cross [Docket No. 349] ¶ 3. Plaintiff suggests and the Court agrees that these representations, in addition to the difficult task of calculating loss of goodwill and loss of business opportunities, place an adequate monetary damages remedy in doubt. See Robert Bosch, 659 F.3d at 1155-56 (the Federal Circuit found that the "questionable financial condition" of the defendant "reinforces the inadequacy of a remedy at law"). Therefore the second factor favors Plaintiff.

### 3. Balance of Hardships

Defendants argue an injunction may force them to lay off employees and shutter their businesses. If true, this is not a hardship the Court takes lightly. However, the jury found Defendants willfully infringed the '398 Patent and rejected Defendants' invalidity defenses. A defendant "should not be permitted to prevail on a theory that successful exploitation of infringing technology shields a party from injunctive relief." Broadcom Corp. v. Qualcomm, Inc., 543 F.3d 683, 704 (Fed. Cir. 2008). Also mitigating Defendants' hardship are Defendants' other business ventures. Rodney Morgan has a casket warehousing and delivery service and STC, Inc. manufactures several devices other than the Emtrac GPS System.

Counterbalancing these considerations, "requiring [GTT] to compete against its own patented invention, with the resultant harms . . . places a substantial hardship" on GTT. Robert Bosch, 659 F.3d at 1156. In the competitive market of traffic preemption systems, GTT and Defendants bid on large contracts to install their traffic preemption system for a city. Once a contract is completed a city is unlikely to change providers even years down the road.

Practically speaking, any further infringement on the part of Defendants would be difficult to unwind.

Finally, the potential harm to Defendants is also mitigated by the short duration of the Injunction. The Defendant's patent protection expires on January 7, 2014, less than 60 days from the date of this Order. Despite the short time period, an injunction is appropriate as the Federal Circuit has made clear, "Patent rights do not peter out as the end of the patent term . . . is approached." Atlas Powder Co. v. Ireco Chems., 773 F.2d 1230, 1234 (Fed. Cir. 1985). Therefore the third factor weighs in favor of Plaintiff.

### 4. Public Interest

The public is "best served by enforcing patents that are likely valid and infringed." Abbott Labs. v. Syntron Bioresearch, Inc., 334 F.3d 1343, 1383 (Fed. Cir. 2003). Defendants argue that an injunction endangers public safety. However, the injunction is narrowly tailored, allowing Defendants to continue to service current clients. Preventing new sales and current bidding on contracts does not endanger the safety of the public. Therefore the fourth factor favors Plaintiff.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Global Traffic Technologies, LLC's Motion for Preliminary and Permanent Injunction [Docket No. 333] is **GRANTED**; and,

2. Defendants Rodney K. Morgan, STC, Inc., and KM Enterprises, Inc.'s (collectively, the "Defendants") Motion to Deny Injunctive Relief [Docket No. 328] is **DENIED**.

3. Defendants comply with the injunction as follows:

For all cities, counties, townships, municipalities, emergency and transit agencies, and other customers of Defendants who do not currently have the Emtrac GPS System installed, Defendants, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are enjoined from infringing claims 1, 3, 8, 10, 16 and/or 17 of U.S. Patent No. 5,539,398 ("GPS-Based Traffic Control Preemption System") either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) or (c), by

(a)  manufacturing, selling, offering for sale, using, or importing the Emtrac GPS System, also known as the Emtrac Priority Control System, which combines a (1) GPS/UHF Antenna, (2) Intersection Antenna, (3) Vehicle Computer Unit, (4) FHSS Priority Detector, and/or components thereof, including components that are not more that colorably different; and/or

(b)  manufacturing, selling, offering for sale, using, or distributing, software, hardware, and/or instructions (whether in person or through manuals, advertisements, websites, or otherwise), for the purpose of programming or enabling or facilitating the use of the above components, and/or components that are not more than colorably different.

For all cities, counties, townships, municipalities, emergency and transit agencies, and other customers of Defendants who do currently have the Emtrac GPS System installed, Defendants are permitted on a limited basis to manufacture, sell, offer for sale, use, or import the Emtrac GPS System for the sole purpose of aiding those customers in maintaining existing Emtrac GPS Systems; in this respect, Defendants may not add to the number of intersection components (i.e., Intersection Antenna or FHSS Priority Detector) or vehicle components (i.e., GPS/UHF Antenna or Vehicle Computer Unit) currently installed in a city or with a customer. Defendants are also permitted, on a limited basis, to manufacture, sell, offer for sale, use, or distribute software, hardware, and/or instructions for the purpose of programming or enabling the use of existing Emtrac GPS Systems. Defendants, its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, are enjoined from infringing claims 1, 3, 8, 10, 16, and/or 17 of U.S. Patent No. 5,539,398 either directly under 35 U.S.C. § 271(a), or indirectly under 35 U.S.C. §§ 271(b) or (c), to expand existing systems into new intersections and/or vehicles by

(a)  manufacturing, selling, offering for sale, using, or importing the Emtrac GPS System, also known as the Emtrac Priority Control System, which combines a (1) GPS/UHF Antenna, (2) Intersection Antenna, (3) Vehicle Computer Unit, (4) FHSS Priority Detector, and/or components thereof, including components that are not more that colorably different;

(b) manufacturing, selling, offering for sale, using, or distributing, software, hardware, and/or instructions (whether in person or through manuals, advertisements, websites, or otherwise), for the purpose of programming or enabling or facilitating the use of the above components, and/or components that are not more than colorably different.

4. The injunction expires January 7, 2014.

5. Plaintiff GTT shall post with the Clerk of Court a security bond or cash bond in the amount of $25,000.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 8, 2013.