# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, | )<br>)<br>) Civil No. 10-4110 (ADM/JJG) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| | ) **MEMORANDUM IN** |
| EMTRAC SYSTEMS, INC., KRISTOPHER MORGAN, ANDREW MORGAN, RODNEY K. MORGAN, AND KM ENTERPRISES, INC., | ) **SUPPORT OF**<br>) **MOTION TO STAY**<br>) **ENFORCEMENT OF**<br>) **JUDGMENT PENDING**<br>) **APPEAL** |
| Defendants. | )<br>) |

_____

| | |
|---|---|
| KM ENTERPRISES, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, | ) |
| Defendant, | ) |

_____

| | |
|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, | ) |
| Plaintiff, | ) |
| v. | ) |
| STC, INC., | ) |
| Defendant. | ) |

1

**MEMORANDUM IN SUPPORT OF MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL**

Pursuant to Federal Rule of Civil Procedure 62, Defendants KM Enterprises, Inc. and Rodney K. Morgan ("Defendants"), by their undersigned attorney, file this Memorandum in Support of Motion to Stay Enforcement of Judgment Pending Appeal.,

**INTRODUCTION**

On September 24, 2013, this Court entered Judgment on a jury verdict awarded to Plaintiff Global Traffic Technologies, LLC. The Court reserved decision on the issues of willfulness, laches, equitable estoppel, enhancement of damages and prejudgment interest, rendering a judgment against Defendants on those issues on April 25, 2014 and at the same time denying Defendants' post-trial relief from the September 24, 2013 judgment. Judgment was entered on April 28, 2014.

Plaintiff filed a Letter on May 6, 2014 to the Judge seeking to modify or amend the judgments. D.433. The Court entered an amended judgment granting the relief requested by Plaintiff. D. 468, 469. Defendants seek to offer a alternative security pending appeal. Fed.R.Civ.P. 62(d).

Defendants offer as security for a stay Patent #1,338,356, dated May 28, 1996, issued in Canada for a Traffic Signal Preemption System. Exhibit 1, attached hereto and incorporated herein by reference. Under Canadian law, the technology described in Patent#1,338,356 is the exclusive property of Rodney Kris Morgan for a period of twenty years from date of issuance. Patent Act (R.S.C., 1985, c. P-4, s. 44). Two years remain. Exhibit 1. Based on GTT annual Canadian sales estimates presented by GTT at trial, the

2

approximate value of the remaining duration of the Canadian patent is $ 1.5 million[1]. Morgan Declaration; Exhibit 3. It is not currently known how Plaintiff's compliance with the terms of the Canadian patent will affect Defendants' sales (assuming exclusivity) or profitability (assuming royalty payments).

In addition, Defendants offer as security for a stay their claim against Plaintiff for previous and ongoing violation of Canadian patent #1,338,356, as set forth in A cease and desist letter to Plaintiff dated September 28, 2012, explaining the violation. Exhibit 2, attached hereto and incorporated herein by reference. Based upon GTT sales in Canada during the past six years, as evidenced by GTT at trial, the approximate value of the chose in action is $3,816,241 million[2]. Morgan Declaration, Exhibit 3, attached hereto and incorporated herein by reference.

Finally, Defendants offer as security for a stay their stock in KM Enterprises, Inc. Exhibit 4, attached hereto and incorporated herein by reference. The cost of this litigation in conjunction with GTT's other predatory market practices has drained Defendants' financial resources. Morgan Declaration. KME's only remaining asset is its goodwill, which is of unknown value. Morgan Declaration. The Defendants otherwise have no assets and are unable to provide a bond in any amount. Morgan Declaration; Exhibit 5, attached hereto and incorporated herein by reference.

---

[1] This an approximation using public information disclosed by GTT for a purpose other than full disclosure of their sales in Canada. KME does not know the actual value of the chose in action.

[2] This an approximation using public information disclosed by GTT for a purpose other than full disclosure of their sales in Canada. KME does not know the actual value of the chose in action.

3

**ARGUMENT**

Federal Rule of Civil Procedure 62(d) permits an appellant to obtain a stay of the enforcement of a judgment pending appeal by filing a supersedeas bond. Fed.R.Civ.P. 62(d). A party may request a stay pending appeal upon the filing of a notice of appeal. *Id.*

A. *Court approval of alternative security in lieu of a supersedeas bond is authorized by the rules and is appropriate under the circumstances of this case.*

Although it appears from the language of Rule 62 that a supersedeas bond is a necessary step to obtaining a stay, the apparent consensus among appellate and trial courts is that the district court has discretion to waive the bond requirement and stay the enforcement of the judgment pending appeal without a bond. *Corporate Commission of the Mille Lacs Band of Ojibwe Indians v. Money Centers of America, Inc.,* 2013 WL 6630905, *1 (D.MInn. 2013); *Peterson v. United States,* 2000 WL 1909806, at *1 (D.Minn. 2000). The burden is on the party seeking a stay to persuade the Court to depart from the usual requirement of a full supersedeas bond. *Id.* Here the departure sought is not complete waiver, but the approval of alternate security.

Alternate security is clearly authorized, as "appropriate form of security" is required under Rule 62(a) dealing with stay pending motions. Fed.R.Civ.P. 62(a). Also Rule 8 of the Federal Rules of Appellate Procedure states that a court *may* condition relief on a party's posting of a bond *or* "other appropriate security in the district court." Fed.R.App.P. 8. The stay pending appeal is to be sought first in the district court. *Id.* It would be illogical for the appellate rules to require a party first to seek a stay upon

4

provision of appropriate security in the district court if such a request would be futile. *Federal Prescription Servs. Inc. v. Am. Pharm. Ass'n,* 636 F.2d 755 (D.C.Cir. 1980).

*Federal Prescription* effectively resolved the competing interpretations previously given to Rule 62(d), concluding that Rule 62(d) does not preclude the issuance of a stay of a money judgment without the posting of a full bond. Thus, an appellant's failure or inability to post a bond does not eliminate the appellant's ability to obtain a stay. For instance, in *Olympia Equip. Leasing Co. v. Western Union Tel. Co.,* 786 F.2d 794, 796 (7th Cir. 1986), defendants filed a motion for stay pending appeal, urging "the district court to allow alternative security on the ground that it could not post a $36 million bond" to supersede the judgment. The district court granted the stay conditioned on the appellants' posting of "a pledge of $10 million in accounts receivables, and a security interest, which [appellants] represented to be worth about $70 million, in some of the company's physical assets." *Id.*

In affirming the trial court's waiver of the bond requirement, the appellate court presented numerous policy arguments in support of its holding. One important factor was the potential effect of requiring a bond in every case. *Id.* The court explained that, since the plaintiff was not the defendant's only creditor and the plaintiff's right to recover from the defendant was conditioned "on its prevailing in the appeal from the...judgment," the court could not "criticize the district judge for his unwillingness to risk throwing [the defendant] into bankruptcy merely to increase (maybe) the probability that [the plaintiff] can collect all of its judgment if the judgment is affirmed." *Id.* at 799. The court in *Olympia* specified two classes of cases in which requiring a bond would be particularly

5

inappropriate: "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and--the opposite case, one of increasing importance in an age of titanic damage judgments-- where the requirement would put the defendant's other creditors in undue jeopardy. *Id.* at 796.

Similarly, in *Alexander v. Chesapeake Potomac and Tidewater Books, Inc.,* 190 F.R.D. 190 (E.D.Va. 1999), the court explained that, when the judgment debtor cannot obtain a full supersedeas bond, "a stay may issue if the judgment debtors...provide security such that plaintiffs will be in nearly the same position at the conclusion of the appeal" as they were before the appeal was filed. *Id.* at 193. Stated otherwise, the form of security or amount of the bond offered by the defendant "should simply reflect and preserve the defendants' ability to satisfy the judgment" as of the date the appeal was commenced. In this case, the Defendants' have no ability out of current resources to satisfy the judgment, Morgan Declaration, so the security offered enhances GTT's position as of the date of the appeal.

Weighing the judgment debtor's risk of being forced into bankruptcy against the risk of damage to the judgment creditor in the event of waiver of the bond requirement does not lead to a clear answer. Certainly concern for fulfillment of the judgment obligation is important, but it is impossible at this time. Morgan Declaration; Exhibit 5. If the status quo is maintained with a stay, the likelihood that GTT will collect its judgment if affirmed is enhanced. The alternative may be more palatable to GTT—that Defendants will go out of business as a result of the litigation defeat, but that is that is not the relief

granted by this Court. The Court's duty here is to protect the judgment entered. Granting the stay under the circumstances offers the best solution.

> B. *Consideration of the factors employed for evaluating waiver of the bond requirement clarifies Defendants' request for Court approval of alternate security.*

Courts consider five factors in deciding whether to waive the bond requirement. *Id., citing Dillon v. City of Chicago,* 866 F.2d 902, 904-05 (7th Cir. 1988). The factors are:

> (1) the complexity of the collection process; the amount of time required to obtain a judgment on appeal;
> (2) the degree of confidence that the district court has in the availability of funds to pay the judgment;
> (3) whether the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and
> (4) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position.

*Id.* In this case the process for collection of the judgment from Defendants is not difficult. Plaintiff sued Defendants in his case after the expiration of Defendant's U.S. patent for its narrow band radio technology, used by Plaintiff in its GPS version of the Opticom Traffic Signal Priority product. Morgan Declaration, Exhibit 6, attached hereto and incorporated herein by reference. The Canadian patent for the same technology continues until May 28, 2016. Exhibit 1. The evidence demonstrates a clear infringement by Plaintiff of the Defendant's patent; collection can be accomplished with little delay or difficulty. GTT provided evidence at trial of Canadian sales, using the infringing technology of about $6 million. Morgan Declaration.

GTT is in possession of the funds available upon execution of the chose in action, in the form of a lawsuit for prior infringement and in the form of payment of royalties or damages for future use of the patented technology. *Cf., Dillon v. City of Chicago,* 866 F.2d 902, 904-05 (7th Cir. 1988)(fund available for payment of judgment). In other words, GTT is holding the funds available for payment of its own judgment. If GTT is allowed to execute on the chose of action at issue here, it will receive a windfall, being excused from its own apparent infringement of Defendants' patent while its judgment on a U.S. patent against the owner of the Canadian patent is being challenged on appeal. Accepting the asset as security for a stay will benefit GTT, on the other hand, by providing the only security that can be provided under the circumstances of this case. The first factor favors Defendants.

The third factor is the degree of confidence that the district court has in the availability of funds to pay the judgment. In this case, Defendants do not have available funds with which to pay the judgment. Morgan Declaration; Exhibit 5. Denying the stay will not improve the availability of funds for payment of the judgment; it will lessen availability. If Defendants are allowed to avoid bankruptcy, they will be more likely to generate the cash flow necessary to satisfy the judgment if it is affirmed, to the benefit of the judgment creditor. Denying the stay will impose a de facto injunction on Defendants, unjust in this case as GTT's patent at issue in the litigation expired on January 7, 2014.

The fifth factor also applies in this case. It is whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position. Courts generally do not waive the bond

altogether, but there is substantial authority supporting the acceptance of alternate security. *Alexander v. Chesapeake, Potomac, & Tidewater Books, Inc.,* 190 F.R.D. 190 (E.D. Va. 1999)(permitted appellants to post bond in less than amount of judgment); *Dillon v. City of Chicago,* 866 F.2d 902, 904-05 (7th Cir. 1988)(full bond unnecessary where appellant "demonstrated the existence of previously appropriated funds, available for the purpose of paying judgments without substantial delay or other difficulty."); *Brooktree Corp. v. Advanced Micro Devices, Inc.,* 757 F.Supp. 1101, 1103 (S.D.Cal. 1990)(court approved posting of real property as security as opposed to supersedeas bond); *Foster v. Hallco Manufacturing Co., Inc.,* 835 F.Supp. 1235 (D.Or. 1993)(court approved monies held in escrow account as alternate security); *Miami International Realty Co. v. Paynter,* 807 F.2d 871, 873 (10th Cir. 1986)(court permitted stay without supersedeas bond, but required release of $500,000 malpractice insurance policy, into escrow account to partially secure $2,100,000 judgment); *United States in Behalf of Small Business Admin. v. Kurtz*, 528 F.Supp. 1113, 1115 (D.Pa. 1981)(court denied stay absent supersedeas bond where appellant failed to propose an alternative plan to provide adequate security for the appellee, though the appellant asserted he was financially unable to satisfy the judgment or to post a bond); *C. Albert Sauter Co. v. Richard S. Sauter Co.,* 368 F.Supp. 501, 520-21 (E.D.Pa. 1973)(court ordered cash and securities to be placed in escrow, restricting payment of corporate funds, and requiring a $100,000 bond where corporation had no assets to satisfy $1.2 million judgment or to post a full supersedeas bond).

### *C. The solution advocated by Defendants appropriately protects the judgment creditors' interests while preventing an unjust windfall.*

Courts do not excuse appellants in a precarious financial situation from filing a supersedeas bond in order to alleviate the burden on the appellant, but rather to protect the appellant's creditors. *Corporate Commission of Mille Lace Band of Ojibwe Indians v. Money Centers of America,* 2013 WL 6630905 (D.Minn. 2013). For this reason, when a full supersedeas bond would cause the appellant "undue financial burden" and harm its other creditors, the court may exercise its discretion to "fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Id., quoting Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1191 (5th Cir. 1979). Whether through a bond or some other arrangement, the purpose is to preserve the status quo pending appeal. *Id.* Accordingly, where the posting of a supersedeas bond would effectively improve the judgment creditor's position instead of preserve it, the courts may accept "less than complete security" in order to "make the judgment creditor as well off during the appeal as it would be if it could execute [the judgment] at once, but no better off." *Corporate Commission,* 2013 WL 6630905 at *2, *quoting Olympia,* 786 F.2d at 800 (Easterbrook, J., concurring). If a judgment debtor's present financial situation is such that the posting of a full bond would impose an undue financial burden, the court is free to exercise discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment

10

creditor. *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart,* 600 F.2d 1189, 1191 (5th Cir. 1979); *see Trans World Airlines, Inc. v. Hughes,* 314 F.Supp. 94 (S.D.N.Y. 1970); *C. Albert Sauter Co., Inc. v. Richard S. Sauter Co., Inc.,* 368 F.Supp. 501 (E.D.Pa. 1973).

In this case, the maintenance of the status quo will not benefit GTT. As the evidence demonstrates, there is nothing with which to satisfy the judgment. If GTT executes on the chose in action rather than having it offered as security, Defendants' claim will be extinguished and unavailable for restitution if the judgment in this case is reversed. Allowing GTT to execute on the judgment at once will make the judgment creditor better off than if the security is provided. Obligations to other creditors will also be jeopardized, as Defendants will be forced into bankruptcy if a stay is denied.

## CONCLUSION

For the foregoing reasons, Defendants request that the Court grant its motion to stay, approving the offered alternate security.

Dated: June 4, 2014.

`

Respectfully submitted,

/s/Jana Yocom
_____
Jana Yocom, P.C.
Jana Yocom (#6193677)
320 S. 11th, Suite 1
Mount Vernon, Illinois 62864
618-731-1944
Admitted *pro hac vice*

Rasmus Law Firm, LLC
Dan Rasmus (#260289)
Andrew Birkeland (#391080)
310 Groveland Avenue
Minneapolis, MN 55403
(612) 746-0321

***Attorneys for Defendants KM Enterprises, Inc., and Rodney K. Morgan***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 4th day of June, 2014 the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Chad Drown, Esq., (chad.drown@faegrebd.com)
James Poradek, Esq., (james.poradek@faegrebd.com)
Timothy Grimsrud, Esq. (tim.grimsrud@faegrebd.com)
Timothy Sullivan, Esq. (timothy.sullivan@faegrebd.com)
Faegre Baker Daniels, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

/s/Jana Yocom
_____
Jana Yocom