# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC,<br>                    Plaintiff,<br><br>vs.<br><br>EMTRAC SYSTEMS, INC., KRISTOPHER MORGAN, ANDREW MORGAN, RODNEY K. MORGAN, AND KM ENTERPRISES, INC.<br>                    Defendants. | Civil No. 10-4110<br>(ADM/JJG) |
| KM ENTERPRISES, INC.,<br>                    Plaintiff,<br><br>vs.<br><br>GLOBAL TRAFFIC TECHNOLOGIES, LLC,<br>                    Defendant. | |
| GLOBAL TRAFFIC TECHNOLOGIES, LLC,<br>                    Plaintiff,<br><br>vs.<br><br>STC, INC.,<br>                    Defendant. | |

**GTT'S BRIEF IN OPPOSITION TO KME/MORGAN'S MOTION
IN LIMINE RE DECLARATIONS, D.506, D.507**

Defendants' latest installment in their lengthy series of irregular post-trial filings—this one styled as a "motion in limine"—is yet another groundless and wasteful attempt to delay the consequences of the jury's verdict and the Court's final judgment in this case.  But the Court can quickly put an end to this particular motion because Defendants' argument—that GTT's declarations (incorrectly referred to as affidavits by Defendants) "did not comply with 28 U.S.C. § 1746" because they include the phrase "to the best of my knowledge and belief" (Defs.' Br. at 2)—is simply wrong.  Just to give one illustrative example, in *Cobell v. Norton*, 391 F.3d 251, 260 (D.C. Cir. 2004), the D.C. Circuit confirmed that "**[a] declaration or certification that includes the disclaimer 'to the best of [the declarant's] knowledge, information or belief' is sufficient under [28 U.S.C. § 1746]**."  (Emphasis added.)  None of the cases Defendants cite to support their motion provides any support at all.  On the other hand, an avalanche of cases from around the country—including the District of Minnesota— confirm that the specific language in the Drown and Roberts declarations absolutely complies with 28 U.S.C. § 1746, including use of the phrase "to the best of my knowledge and belief." *E.g.*, *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 842 F. Supp. 2d 859, 868 n.6 (E.D. Va. 2012) ("under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief" sufficient under § 1746) (collecting cases).  And in addition to Defendants' basic theory being obviously wrong, there are a number of other reasons why the Court can quickly dispose of this motion.

This motion should be summarily denied.

**ARGUMENT**

I.  **Courts Across the Country Confirm that GTT's Declarations Comply with 28 U.S.C. § 1746.**

Defendants' motion relies on an argument that flies in the face of overwhelming authority to the contrary.  The Declarations of Chad Drown and Doug Roberts are identical with respect to the language implicated by Defendants' motion.  At the end of each, the declarant states that "I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief."  (Dkt. Nos. 506, 507.)  Defendants' only argument is that the presence of the language "to the best of my knowledge and belief" means that the declarations "did not comply with the 28 U.S.C. § 1746."  (Defs.' Br. at 2.)  Defendants' argument is flat wrong.

28 U.S.C. § 1746(2) provides that a declaration made "in substantially the following form" is sufficient:  "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on (date).  (Signature)."  Under the statute, therefore, there are only "two statements that are essential to a proper verification under § 1746: (i) an assertion that the facts are **true and correct**; and (ii) an averment that the first assertion is made **under penalty of perjury**."  *United States v. 8 Gilcrease Lane, Quincy Fla. 32351*, 587 F. Supp. 2d 133, 138-140 (D.D.C. 2008) (emphasis added).  Here, the Drown and Roberts declarations are plainly sufficient because both state: "I declare **under penalty of perjury** that the foregoing is **true and correct** to the best of my knowledge and belief."  (Dkt. Nos. 506, 507 (emphasis added).)  That is the end of the matter.

2

The fact that both declarations also include the phrase "'to the best of my knowledge and belief' does not render the [declarations] deficient." *8 Gilcrease Lane*, 587 F. Supp. 2d at 138-140.  Indeed, an avalanche of cases from across the country, including cases from this District, leave no doubt that where, as here, a declaration includes the language "to the best of my knowledge and belief" (or equivalent language), it satisfies the requirements of § 1746 provided that the other requirements of the statute are met.  *See, e.g.*, *Cobell v. Norton*, 391 F.3d 251, 260 (D.C. Cir. 2004); *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1995) ("[T]he facts stated in the . . . complaint [are] true and correct as known to me" sufficient under § 1746); *Williams v. Sielaff*, 1990 WL 135721, at *1 (4th Cir. Sept. 20, 1990) ("True and correct to the best of [my] knowledge" sufficient under § 1746); *United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002); *Parks v. Dooley*, 2011 WL 847011, at *1 n.2 (D. Minn. Feb. 11, 2011) ("I swear under penalty of perjury that all statements contained herein are true and correct to the best of my knowledge" sufficient under § 1746); *Dybevik v. Quality Pork Processors, Inc.*, 2001 WL 811124, at *2 n.1 (D. Minn. July 10, 2001) ("under penalty of perjury that the foregoing is true and correct to the best of my knowledge" sufficient under § 1746); *Hainey v. U.S. Dept. of the Interior*, 925 F. Supp. 2d 34, 41 (D.D.C. 2013) (declaration that included the language "to the best of my knowledge" sufficient under § 1746); *Am. Mgmt. Servs., LLC v. Dep't of the Army*, 842 F. Supp. 2d 859, 868 n.6 (E.D. Va. 2012) ("under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief" sufficient under § 1746) (collecting cases); *Wiliams v. Wissing*, 2011 WL 854346, at *1 (E.D. Wis. Mar. 8, 2011) (denying motion to strike

declaration where it included the language "to the best of my personal knowledge"); *Hamilton v. Mayor of Baltimore*, 807 F. Supp. 2d 331, 353 (D. Md. 2011) ("true and accurate to the best of [my] knowledge and belief" is sufficient for § 1746); *Smith v. Psychiatric Solutions, Inc.*, 2009 U.S. Dist. LEXIS 27608, at *14-15 (N.D. Fla. Mar. 31, 2009) (stating that the language, "true and accurate to the best of my knowledge and belief," complies with § 1746, "[s]o long as the declaration contains the phrase 'under penalty of perjury' and states that the document is true"); *8 Gilcrease Lane*, 587 F. Supp. 2d at 138-140 (D.D.C. 2008) (rejecting argument that § 1746 is not satisfied by inclusion of the phrase "to the best of my knowledge and belief"); *Phillips v. Martin*, 2007 WL 4139646, at *1 (D. Kan. Nov. 16, 2007) (declaration that included the language "to the best of my knowledge and ability" sufficient under § 1746); *Barron v. Henry Cnty. Sch. Sys.*, 242 F. Supp. 2d 1096, 1099 (M.D. Ala. 2003) (declaration based on information and belief satisfied § 1746); *Kersting v. United States*, 865 F. Supp. 669, 676 (D. Haw. 1994) (declaration that included the language "to the best of my knowledge and belief" satisfied § 1746).

In light of these cases, there is no legitimate debate to be had regarding whether GTT's declarations are sufficient under § 1746—they clearly are. In sum, Defendants' motion is contrary to law and should be quickly rejected.

## II.  Defendants' Theory Has No Support.

Further demonstrating that this motion is a baseless waste of time, Defendants' did not cite any case that actually supports their argument.

In the first case Defendants' cite, *Liggero Architecture, LLC v. McGuire (In re McGuire)*, 450 B.R. 68 (D. N.J. Bkry. 2011), a witness filed a pleading that stated: "I, Mark McGuire, pursuant to 28 U.S.C. § 1746, hereby verify the foregoing statements are true and correct to the best of my knowledge and belief." 450 B.R. at 73. The court found that the verification did not meet the requirements of § 1746. *Id.* The reason: the verification **did not state that** it was made "**under penalty of perjury**." *Id.* In other words, the problem with the verification in *McGuire* had nothing to do with the language "to the best of my knowledge and belief," but was based on the omission of "under penalty of perjury." Thus *McGuire* does not support Defendants' theory and is irrelevant here: both of GTT's declarations expressly include the phrase "under penalty of perjury." (Dkt. Nos. 506, 507.)

Defendants also include a citation to a district court case, "*Cobell v. Norton*, 310 F. Supp. 2d 133 (D.D.C. 2004)," as support for their theory. (Defs.' Br. at 2.) Defendants' federal reporter citation, however, is erroneous, and it is not entirely clear what *Cobell* case Defendants are citing. In any event, the D.C. Circuit **vacated** the district court decision that Defendants appear to be relying on, specifically holding that a "declaration or certification that includes the disclaimer 'to the best of [the declarant's] knowledge, information or belief' is sufficient under [28 U.S.C. § 1746]." *Cobell*, 391 F.3d at 260-61. Thus, the controlling case in the *Cobell* line is squarely contrary to Defendants' argument and squarely supports the sufficiency of GTT's declarations.

Finally, the last two cases Defendants cite do not even deal with declarations under 28 U.S.C. § 1746 and are therefore entirely inapplicable. *See Doza v. American*

5

*Nat. Ins. Co.*, 314 F.2d 230, 232 (8th Cir. 1963) ("When affidavits are offered **in support of a motion for summary judgment**, they must present admissible evidence, and must not only be made on the personal knowledge of the affiant, but must show that the affiant possesses the knowledge asserted." (emphasis added)); *McClellan v. Montana-Dakota Utilities Co.*, 104 F. Supp. 56 (D. Minn. 1952) (addressing affidavit filed in opposition of motion for summary judgment).  Indeed, "affidavits made pursuant to Rule 56(e) differ from unsworn verifications under 28 U.S.C. § 1746 in a critical respect:  Rule 56 affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated, whereas § 1746 unsworn verifications may be pled on information and belief."  *8 Gilcrease Lane*, 587 F. Supp. 2d at 139 (quotations omitted); *see also Global Health Alternatives, Inc. v. Ellon U.S.A., Inc.*, 1999 WL 33117099, at *1 n.1 (D. Maine Mar. 24, 1999) ("The declarations are not submitted in connection with a motion for summary judgment and therefore the requirements of Fed. R. Civ. P. 56(e), the authority upon which the plaintiffs rely, are not applicable.").

**III.     Defendants Motion Fails and Has No Practical Effect on the Motion to Stay Enforcement for Other Reasons.**

Setting aside the fact that Defendants' motion is contrary to law as discussed above, there are a host of other reasons that this motion fails and has no practical effect on the Court's resolution of the motion to stay enforcement of the judgment.

### A. Defendants do not challenge the authenticity of the exhibits.

First of all, Defendants do not suggest that there is any legitimate question as to the authenticity of the exhibits attached to the Drown declaration—nor can they. The Drown declaration attaches a number of exhibits that are either Morgan's own email or available from public entities via the internet or via public records requests. (*See* Dkt. 509, Exhs. 1-7.) Two of those exhibits—Exs. 1 and 2 in the Drown declaration—have been independently authenticated by Rodney Morgan himself in his improper declaration attached to Defendants' improperly filed proposed reply brief. (*See* Dkt. 516-2 ¶ 4 ("The reference in Plaintiff's Exhibit 1, D.505-1, to being able to 'take care' of the 'money thing' is expressing an intention to file bankruptcy or someday to pay the judgment."; and ¶ 5 ("As to Exhibit 2, D.505-2, the City of Lacey has ordered 38 antennas to date.")). One of the exhibits is a download of statistics from the Federal Judicial Center. (Dkt. 509, Ex. 6.) Another exhibit is Federal court order—specifically, a slip opinion from the Eastern District of Texas. (*Id.*, Ex. 7.) And three of the exhibits involve publicly available project-related information from public transit authorities. (*Id.*, Exs. 3, 4, 5.) In sum, there is no legitimate question regarding the authenticity of any of these exhibits. Defendants' have made no argument to the contrary.

Moreover, GTT's CEO Doug Roberts' declaration is comprised of a variety of uncontroversial statements (with no attached exhibits) that are explicitly based on Roberts' personal knowledge of when settlement discussions occurred. (*See* Dkt. No. 507.) In fact, many of the statements are already part of the Court record, since the Court

ordered and/or participated in many of the settlement conferences/discussions. (*E.g.*, Dkt. Nos. 215, 390.)

Accordingly, Defendants' follies in attempting exclude the declarations and exhibits are amplified by the fact that they have no real basis for arguing that the exhibits are not authentic or that the declarations lack knowledge.

**B. GTT's Declarations and Exhibits Do Not Need to Be "Admissible."**

Defendants' "motion in limine" also fails because it relies on the premise that GTT's declarations and exhibits must be "admissible" in order for the Court to consider them in assessing Defendants' motion to stay enforcement of judgment. Again, Defendants cite nothing to support the argument that in the context of a post-trial motion to stay enforcement, the exhibits submitted must be admissible under the Federal Rules of Evidence to even be considered. *See, e.g.*, *8 Gilcrease Lane*, 587 F. Supp. 2d at 139 ("[A]ffidavits made pursuant to Rule 56(e) differ from unsworn verifications under 28 U.S.C. § 1746 in a critical respect: Rule 56 affidavits 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated,' whereas § 1746 unsworn verifications may be pled 'on information and belief.'"). Indeed, if this were the rule many of the Defendants' own submissions would need to be excluded from the Court's consideration, including, for example, records from Morgan's third-party bank accounts (Dkt. No. 486, Ex. 5), which are hearsay with no showing that they meet the business records exception. But in the context of proceedings ancillary to summary judgment or trial, such as a preliminary injunction, courts often consider exhibits and testimony that may not

necessarily be admissible. *See Cobell*, 391 F.3d at 261. In short, Defendants' idea that declarations or exhibits must be "admissible" as evidence at trial in order to be considered by the Court in this context is unsupported.

### C. Defendants' Brief Is an Improper Attempt to Submit a Reply Brief.

Defendants have no basis for filing a "motion in limine" to "exclude the affidavits [sic] . . . and attached exhibits." (Defs.' Br. at 3.) No apparent provision of the Federal Rules of Civil Procedure, Local Rules, or Order of this Court provides for such a "motion in limine." The deadline for the only motions in limine GTT is aware of that were allowed in this case was ten months ago, before trial. (Dkt. No. 214 at 2 ("Motions in limine must be electronically filed no later than Tuesday, August 27, 2013.").) In reality, this "motion in limine" is not a motion in limine at all, but is another improper attempt by Defendants to file without leave a reply to GTT's brief in opposition to Defendants motion to stay. (Dkt. Nos. 505, 516, 524.) As GTT has explained previously, unilaterally filing a reply brief when none is provided for in the briefing schedule "violate[s] an important Local Rule and practice that this District has emphasized." (Dkt. No. 525 at 3.) Accordingly, Defendants' present "motion in limine" is improper for the same reasons GTT articulated in its brief opposing Defendants' motion for leave to file a reply on its motion to stay. (*Id.*)

### D. GTT's Declarations and Exhibits Are Not Necessary for the Court to Deny Defendants' Motion to Stay Enforcement.

There is no reason at all why the Court should not consider the declarations and exhibits GTT filed in conjunction with its brief in opposition to stay enforcement. But

even without the declarations and exhibits, the Court can and should deny Defendants' request to stay enforcement of judgment for the reasons stated in GTT's brief opposing a stay. (Dkt. No. 505.) As detailed in GTT's brief, KME and Morgan (1) "fail to address the threshold factors of entitlement to a stay," (2) "fail to objectively demonstrate their inability to post a bond," (3) "fail to propose adequate alternative security," and (4) "fail to demonstrate other factors that courts consider." (Dkt. No. 505 *passim*.) Accordingly, even if Court were to ignore GTT's declarations and exhibits, Defendants' motion to stay enforcement can and should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' "motion in limine."

| | |
|---|---|
| Dated: July 2, 2014 | **FAEGRE BAKER DANIELS LLP** |
| | *s/ Chad Drown* |
| | James W. Poradek (No. 290488) |
| | james.poradek@faegrebd.com |
| | Chad Drown (No. 319053) |
| | chad.drown@faegrebd.com |
| | Timothy E. Grimsrud (No. 34283X) |
| | tim.grimsrud@faegrebd.com |
| | Lauren J. Frank (No. 390222) |
| | lauren.frank@faegrebd.com |
| | Luke J. Tomsich (No. 390548) |
| | lucas.tomsich@faegrebd.com |
| | Timothy M. Sullivan (No. 391528) |
| | timothy.sullivan@faegrebd.com |
| | |
| | 2200 Wells Fargo Center |
| | 90 South Seventh Street |
| | Minneapolis, Minnesota 55402 |
| | Telephone: (612) 766-7000 |
| | |
| | ***Attorneys for Global Traffic Technologies, LLC*** |

US.54433346.03