UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Global Traffic Technologies,
LLC,

        Plaintiff,

    v.

Rodney K. Morgan, STC, Inc.,
and KM Enterprises, Inc.,

        Defendants.

**ORDER**
Civil No. 10-4110 ADM/JJG

---

Chad Drown, Esq., Timothy E. Grimsrud, Esq., Timothy Sullivan, Esq., and Lauren J. Frank, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Global Traffic Technologies, LLC.

Frank B. Janoski, Esq., Jerina D. Phillips, Esq., and Michael J. Hickey, Esq., Lewis, Rice & Fingersh, LC, St. Louis, MO; Jonathan D. Jay, Esq., Hellmuth & Johnson PLLC, Edina, MN; Terrance C. Newby, Esq., Leffert Jay & Polglaze, P.A., Minneapolis, MN, on behalf of STC, Inc.

Jana Yocom, Esq., Jana Yocom PC, Mount Vernon, IL; and, Andrew G. Birkeland, Esq., Rasmus Law Office, LLC, Minneapolis, MN, on behalf of KM Enterprises, Inc. and Rodney K. Morgan.

---

This matter is before the undersigned United States District Judge on Defendants Rodney K. Morgan ("Morgan"), KM Enterprises, Inc. ("KME"), and STC, Inc.'s ("STC") Motions to Stay Enforcement of Judgment Pending Appeal [Docket Nos. 479 and 494].[1] For the reasons stated below, Defendants' motions are denied.

---

[1] Defendants Rodney K. Morgan and KM Enterprises, Inc. also bring an unusual motion styled, "Motion in Limine re Affidavits, D.506 and D.507" [Docket No. 519]. As the Court did not rely on Plaintiff's Declarations [Docket Nos. 506 and 507], the Court does not reach the questions raised in Defendants' motion in limine and finds the issue to be moot.

On May 16, 2014, this Court entered Judgment on a jury verdict in favor of Plaintiff Global Traffic Technologies, LLC ("GTT") in the amount of $5,052,118, enhanced damages in the amount of $2,526,059, and prejudgment interest in the amount of $923,965, plus $1,384.14 for each day after October 31, 2013. Judgment [Docket No. 470]. Morgan and KME request the Court stay execution of judgment and entirely waive the supersedeas bond requirement. STC requests the Court stay execution of judgment with an authorized bond of $100,000, together with pending patent applications in the field of traffic signal preemption.

An appellant may obtain a stay of execution of judgment pending appeal when an appellant posts a supersedeas bond, "in the full amount of the judgment plus interests, costs, and damages for delay." Fed.R.Civ. P. 62(d); Corporate Comm'n of the Mille Lacs Band of Ojibwe Indians v. Money Ctrs. of Am., Inc., No. 12-1015, 2013 U.S. Dist. LEXIS 176796, at *2 (D. Minn. Dec. 17, 2013) (citing New Access Commc'ns LLC v. Qwest Corp., 378 F. Supp. 2d 1135, 1138 (D. Minn. 2005) (Tunheim, J.)). The Court maintains the discretion, however, to waive the bond requirement and stay enforcement of the judgment without a bond. See, e.g., Dillon v. Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988). The district court may consider the following factors in determining whether a supersedeas bond may be waived: (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position. Peterson v. United States, No. 99-651, 2000 U.S. Dist. LEXIS 17750, at *3

(D. Minn. Oct. 5, 2000). But the burden remains on the appellant to convince the Court to depart from the usual requirement of a full supersedeas bond. Mille Lacs Band, 2013 U.S. Dist. LEXIS 176796, at *2-3.

In this case, Defendants have not shown justification for a stay of judgment and have not met their burden to waive any amount of the supersedeas bond required under Federal Rules of Civil Procedure, Rule 62. As an initial matter, Defendants' representations cannot be relied upon. In lieu of a bond, Morgan and KME offered as partial alternate security Canadian Patent #1,338,356, which they represented as remaining valid for another two years and estimated an approximate value of the remaining duration of the Canadian patent at $1.5 million. Morgan and KME now concede that this patent is expired. Morgan and KME also represent that they have a "chose in action," a lawsuit, against GTT, based on this now admittedly expired patent, which they represent has a value of approximately $3.8 million. The value of such a suit before resolution is always speculative, but there is also no evidence that this suit has been filed. Finally, KME offers as security its corporate stock. However, according to Morgan's bank filings, KME has essentially no assets. Thus, accepting Morgan and KME's offer of alternative security is no insurance that GTT will be able to ultimately collect the judgment. At the same time, Morgan and KME have made no representation of other creditors which the Court should consider protecting. See Mille Lacs Band, 2013 U.S. Dist. LEXIS 176796, at *4 ("Courts do not excuse appellants in a precarious financial situation from filing a supersedeas bond in order to alleviate the burden on the appellant, but rather to protect the appellant's creditors.").

Although STC has given the Court fewer reasons to distrust its representations than the other Defendants, STC has still failed to present sufficient and reliable evidence of its financial

situation or of its ability to obtain a supersedeas bond.[2]  STC's only documentary evidence is an unaudited balance sheet from April 2014 showing a net worth of just under $1 million.  See MGM Well Servs., Inc. v. Mega Lift Sys., LLC, No. H-05-1634, 2007 U.S. Dist. LEXIS 49787, at *4 (S.D. Tex. July 10, 2007) (rejecting defendant's unaudited balance sheets).  STC argues that its net worth shows that it cannot possibly secure the entire Judgment amount by posting a supersedeas bond.  However, there is no evidence of the amount of a bond STC could post; STC has offered no evidence that it attempted to obtain a bond of any amount.  See Hardwick v. Sunbelt Rentals, Inc., No. 09-1106, 2010 U.S. Dist. LEXIS 84533, at *18-19 (C.D. Ill. Aug. 16, 2010) (rejecting stay where no evidence showed an attempt to secure a bond); cf. Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty., 932 F. Supp. 1147, 1149-50 (S.D. Ind. 1996) (explaining that the defendant contacted two bonding companies, which both declined to issue an appeal bond, but still rejecting alternate security amounting to 35% of the total judgment).  The only offer of any security is the bald assertion that STC can afford "to escrow the sum of $100,000 and hold in trust several patent applications."  STC's Mem. Supp. Stay 7.  The patent applications are unidentified, un-issued, and un-valued.  STC also suggests a royalty on future sales of STC products as an alternative security.  STC has offered no evidence of, or estimates for, current or prospective contracts upon which a royalty could be based.  Thus, STC fails to show objectively that it cannot obtain a bond, but even if it did, STC has only proposed an

---

[2] KME and Morgan's ability to pay the judgment seems somewhat reliant on STC's. Morgan states, "the contracts for any bids awarded in favor of the Emtrac product are with STC, Inc. and not with KME or me; I am paid commission on product sold, after STC, Inc. manufactures the product and receives payment."  Morgan Decl. [Docket No. 516-2] ¶¶ 8-9.  In addition, STC incorporated and adopted Morgan and KME's alternative security arguments as their own.  See STC's Mem. Supp. Stay [Docket No. 495] 5 n.2.

identified amount that is approximately 1.5% of the judgment, plus speculative and uncertain alternative security.

Other factors that district courts consider when deciding bond requirements were not discussed by STC. STC did not argue that the collection process would be easy. GTT argues that it will in fact be complex, requiring the judgment to be registered in a court in Illinois, followed by discovering Morgan, KME, and STC's assets and initiating collecting procedures. This may involve levies, garnishment, foreclosures, or other complex procedures, especially since STC, KME, and Morgan have all indicated that they may need to file for bankruptcy. In sum, "there is nothing in the record to suggest that the task of collecting a judgment . . . will necessarily be straightforward, let alone easy." Peterson, 2000 U.S. Dist. LEXIS 17750, at *4. Furthermore, STC did not address the amount of time required to obtain a judgment on appeal, which GTT estimates to take over a year. Finally, besides asserting that injury will come to STC's "other creditors who are currently being paid from revenues generated by the company's ongoing operations," STC has not identified a single creditor, or identified what debts are owed to whom. See again Mille Lacs Band, 2013 U.S. Dist. LEXIS 176796, at *4 ("Courts do not excuse appellants in a precarious financial situation from filing a supersedeas bond in order to alleviate the burden on the appellant, but rather to protect the appellant's creditors.").

A jury found Morgan, KME and STC willfully infringed on GTT's patent. The jury found that GTT was entitled to recover over $5 million in damages because of Defendants' sale of infringing products. Defendants' current representations that they are unable to satisfy the judgment "counsels not in favor of an unsecured stay but, instead, in favor of a stay only upon the posting of adequate security." Slip N' Slide Records, Inc. v. TVT Records, LLC, No. 05-

21113, 2007 U.S. Dist. LEXIS 25730, at *7 (S.D. Fla. Apr. 8, 2007); accord Lewis v. United Joint Venture, No. 1:07-cv-639, 2009 U.S. Dist. LEXIS 48616 (W.D. Mich. June 10, 2009) ("[The] purported inability to post a bond does not in any conceivable way show that Plaintiff's interest in the full value of the judgment is secure.  In fact, it shows just the opposite."); Avirgan v. Hull, 125 F.R.D. 185, 187 (S.D. Fla. 1989) ("[A] prospective inability to pay a judgment must defeat the request for a stay without a bond.").  And "[i]t is the Defendant, not the Plaintiff, that should bear the risk that [the Defendant] may not have the ability to pay the judgment."  Lincoln Elec. Co. v. MPM Techs., Inc., No. 1:08-cv-2853, 2009 U.S. Dist. LEXIS 96907, at *5 (N.D. Ohio Oct. 6, 2009).

Defendants have not demonstrated sufficient reason for the Court to waive the requirement of a full supersedeas bond prescribed by Rule 62(d).  Without a sufficient supersedeas bond, Defendant have not shown they are entitled to a stay of judgment pending appeal.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Stay Enforcement of Judgment Pending Appeal [Docket Nos. 479 and 494] are **DENIED**;

2. Defendant Rodney K. Morgan and KM Enterprises, Inc.'s Motion in Limine [Docket No. 519] is **DENIED as moot**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 16, 2014.