UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Global Traffic Technologies,
LLC,

                Plaintiff,

v.

Rodney K. Morgan, STC, Inc.,
and KM Enterprises, Inc.,

                Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 10-4110 ADM/JJG

_____

Chad Drown, Esq., James Poradek, Esq., Timothy E. Grimsrud, Esq., Lauren J. Frank, Esq., and Timothy Sullivan, Esq., Faegre Baker Daniels LLP, Minneapolis, MN, on behalf of Global Traffic Technologies, LLC.

Jana Yocom, Esq., Jana Yocom P.C., Mount Vernon, IL; and Dan Rasmus, Esq., and Andrew G. Birkeland, Esq., Rasmus Law Office, LLC, Minneapolis, MN, on behalf of KM Enterprises, Inc. and Rodney K. Morgan.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge on Plaintiff Global Traffic Technologies, LLC's ("GTT") Expedited Motion to Permit Registration of Judgment Against Rodney K. Morgan and KM Enterprises, Inc. in Other Federal Courts Pursuant to 28 U.S.C. § 1963 [Docket No. 532]. Defendants Rodney Kris Morgan and KM Enterprises, Inc. ("KME") filed a response [Docket No. 538] opposing the motion. The issues have been fully briefed and the Court has determined that no hearing is necessary. For the following reasons, GTT's motion is granted in part and denied in part.

## II. BACKGROUND

### A. Judgment Against KME and Morgan

On September 20, 2013, a jury unanimously found that KME and Morgan willfully infringed GTT's patent and awarded damages in the amount of $5,052,118 [Docket No. 327]. This Court entered a final judgment against KME and Morgan for $5,052,118 plus enhanced damages of $2,526,059 and $923,965 in prejudgment interest through October 31, 2013, plus an additional $1,384.14 in interest for each day thereafter (the "Judgment"). See Judgment [Docket No. 470]. KME and Morgan have appealed the Judgment. Notice of Appeal [Docket No. 478]. The appeal is pending in the Federal Circuit and is nearing the conclusion of the briefing schedule.

### B. Two Federal Courts Deny Stay of Enforcement of Judgment

Following entry of the Judgment, KME and Morgan asked this Court for a stay of enforcement of the judgment without providing a bond in any amount. This Court denied a stay of enforcement of the judgment, finding that KME and Morgan "have not shown justification for a stay of judgment and have not met their burden to waive any amount of the supersedeas bond." Order, July 16, 2014 [Docket No. 528] at 3. KME and Morgan appealed the denial of the stay to the Federal Circuit, asking the Federal Circuit for a stay of enforcement. The Federal Circuit also denied the stay and found that KME and Morgan "have not proffered adequate evidence demonstrating irreparable injury and have failed to provide reasonable alternatives to the posting of a supersedeas bond." Order, Aug. 25, 2014 [Docket No. 531] ("Federal Circuit Order") at 2.

**C. KME and Morgan Transfer Interests in Property**

The Federal Circuit Order denying a stay of enforcement was issued on August 25, 2014. On that same day, KME and Morgan gave security interests in a substantial amount of their business assets to their attorney's law firm. The security interests cover "property up to $1.2 million," including "Accounts Receivable," "Inventory," "Equipment," "Patents," and "Contracts." Drown Decl., Oct. 2, 2014 [Docket No. 535] ("First Drown Decl.") Ex. 1 at 3-5. Additionally, on August 26, 2014, KME and Morgan recorded transfers of security interests in their property to their attorney's law firm, Morgan's wife Andrea Morgan, and a KME employee Bill Scrivner. Id. Exs. 2-3.

**D. STC's Bankruptcy**

On September 11, 2014, Defendant STC, Inc. ("STC") filed a Chapter 11 bankruptcy petition in the U.S. District Court for the Southern District of Illinois, triggering the automatic bankruptcy stay under 11 U.S.C. § 362 with respect to STC. This Court's Order on GTT's current motion to register the Judgment in other federal courts, therefore, only applies to KME and Morgan, and not STC.

### III.  DISCUSSION

**A. Legal Standard**

Pursuant to 28 U.S.C. § 1963, "[a] judgment in an action for the recovery of money . . . entered in any . . . district court . . . may be registered by filing a certified copy of the judgment in any other district . . . when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." Registration under § 1963 "is in addition to other procedures provided by law for the

3

enforcement of judgments." 28 U.S.C. § 1963.  Because an appeal is pending in this case, § 1963 provides that the Court may only grant GTT's motion "for good cause shown."  Id.; see also Johns v. Rozet, 143 F.R.D. 11, 12 (D.D.C. 1992).

"Good cause" is shown where the judgment debtor has failed to post adequate security under Rule 62(d) of the Federal Rules of Civil Procedure.  See 3M Co. v. Mohan, Civil No. 9-1413, 2011 WL 2441213, at *1-2 (D. Minn. June 17, 2011); see also Chicago Downs Ass'n, Inc. v. Chase, 944 F.2d 366, 371 (7th Cir. 1991) (stating the "good cause" language was added to § 1963 in 1988 "to deal with the anomaly that a judgment for which no supersedeas bond had been posted was enforceable during appeal only in the rendering district") (quotation omitted).  This is because "the distinct possibility of plaintiff being faced with an unsatisfied judgment is sufficient 'good cause' to order the registration entered notwithstanding the alleged inconvenience and cost to defendant."  Associated Bus. Tel. Sys. Corp. v. Greater Capital Corp., 128 F.R.D. 63, 66-67 (D.N.J. 1989).

"Good cause" also exists to allow the registration of a judgment in another federal court where there is an absence of sufficient assets "in the rendering district."  Associated Bus., 128 F.R.D. at 68 (quotation omitted); AT&T Corp. v. Pub. Serv. Enters. of Pa., Inc., No. 98CIV6133LAP, 1999 WL 672543, at *6 (S.D.N.Y. Aug. 26, 1999) ("Good cause is demonstrated where a judgment debtor lacks assets in the district rendering the judgment but holds assets in another district.").

Finally, the "existence of assets" in another federal district supports a finding of "good cause." 3M Co., 2011 WL 2441213 at *2; see also Commentary to 1988 Amendment to 28 U.S.C. § 1963 ("[T]he presence of assets in some other district is indeed 'good cause' for

permitting registration."). Although some courts have permitted registration in a foreign district upon a showing of "substantial" assets, the mere existence of assets in another district is relevant for finding "good cause," and a showing of "substantial" assets is not required. 3M Co., 2011 WL 2441213 at *1 (citing Commentary to 1988 Amendment to 28 U.S.C. § 1963). In meeting their burden to show "good cause," judgment creditors "need not show exact evidence of assets and registration may be granted upon a lesser showing." Owen v. Soundview Fin. Grp, Inc., 71 F. Supp. 2d 278, 278-79 (S.D.N.Y. 1999) (quotations omitted).

**B. "Good cause" exists for permitting registration in IL, CA, and WA**

　　**1. Defendants have failed to post a bond**

KME and Morgan failed to post a bond in any amount under Rule 62(d) to secure payment of the Judgment. GTT therefore faces the possibility of being left with an uncollectable judgment. Accordingly, there is good cause to register the Judgment in other federal district courts where KME's or Morgan's assets may be found.

　　**2. Defendants have insufficient assets in the District of Minnesota**

Morgan has told this Court that "KME does not have enough assets to satisfy the current judgment" in any state. Morgan Decl. [Docket No. 350] ¶3. Morgan and KME, therefore, admit that there are not sufficient assets in Minnesota to satisfy the Judgment, and there is no other evidence indicating that KME or Morgan own assets located in the District of Minnesota that would satisfy the Judgment presently in the excess of $8.5 million. Accordingly, "good cause" exists to register the Judgment in other federal districts where KME and Morgan do have assets.

### 3. Defendants have assets in other federal districts

GTT has shown that KME and Morgan have assets in the Southern District of Illinois, the Northern District of California, and the Western District of Washington that may potentially be used to satisfy a portion of the Judgment. KME's headquarters is located in Mt. Vernon, Illinois, which lies within the Southern District of Illinois. Defs.' Mem. Opp'n. [Docket No. 538] at 6. The company also has bank accounts located in Illinois. See Yocom Decl. [Docket No. 539] Ex. I (filed under seal). Morgan is a resident of Illinois and also has personal bank accounts there. Id. Additionally, in a recent affidavit submitted to a court in Canada, Morgan stated that there are numerous projects (totaling millions of dollars) that are in the pipeline, which he will presumably obtain revenue from in Illinois where he lives. First Drown Decl. Ex. 4.

KME and Morgan argue that good cause requires a showing of substantial assets in the registration forum, and their assets in Illinois are limited to furnishings of "negligible value" and bank accounts with "minimal balances." Defs.' Mem. Opp'n. at 6. However, a showing of substantial assets is not required; the mere existence of assets in another district will support a finding of good cause for permitting registration in that district. 3M Co., 2011 WL 2441213 at *1. Therefore, the existence of assets in the Southern District of Illinois provides "good cause" for permitting the Judgment to be registered in that federal district.

There is also evidence showing KME and Morgan have assets, including existing projects or contracts with cities or municipalities, in California and Washington. Defendants sell the Emtrac GPS System to cities across the United States. Trial Tr. [Docket No. 447] at 635-36. In late 2013 or early 2014, Emtrac equipment was selected for municipal projects in the Santa Clara Valley in California, and in Lacey, Washington. See Drown Decl., June 19, 2014 [Docket

No. 506] ("Second Drown Decl.") Exs. 4, 5 (showing Emtrac GPS System selected for $340,305 project in California); id. Exs. 2, 3 (showing Emtrac brand equipment selected for project in Lacey, Washington). KME and Morgan argue the "[m]oney paid for those projects or contracts will go to STC, Inc." Defs.' Mem. Opp'n at 6. However, KME and Morgan recognize that KME is entitled to a 27% commission for the projects. Id.; Trial Tr. at 570. Thus, KME has an interest in these assets, and good cause exists for permitting GTT to register the Judgment in the Northern District of California and the Western District of Washington.

### C. GTT's request to allow registration of Judgment in federal districts besides IL, CA, and WA is denied

GTT also requests that the Court allow it to register the Judgment in any other federal district without the need for further relief from this Court. This request is denied without prejudice to GTT to move for relief in the future if GTT later discovers that KME or Morgan have assets in additional federal districts.

### IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. GTT's Expedited Motion to Permit Registration of Judgment Against Rodney K. Morgan and KM Enterprises, Inc. in Other Federal Courts Pursuant to 28 U.S.C. § 1963 [Docket No. 532] is **GRANTED IN PART** and **DENIED IN PART**.

2. GTT is permitted to register this Court's Judgment against KME and Morgan in the Southern District of Illinois, the Northern District of California, and the Western District of

Washington by filing a certified copy of the Judgment in those federal districts.

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  October 9, 2014.