**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, | ) ) ) | Civil No. 10-4110 (ADM/JJG) |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| EMTRAC SYSTEMS, INC., KRISTOPHER MORGAN, ANDREW MORGAN, RODNEY K. MORGAN, AND KM ENTERPRISES, INC., | ) ) ) ) ) ) | **RESPONSE TO MOTION TO MOTION TO PERMIT USE OF CASE MATERIALS IN OTHER LITIGATION** |
| Defendants. | ) ) | |

_____

| | | |
|---|---|---|
| KM ENTERPRISES, INC., | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, | ) ) ) | |
| Defendant, | ) ) | |

_____

| | | |
|---|---|---|
| GLOBAL TRAFFIC TECHNOLOGIES, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| STC, INC., | ) ) | |
| Defendant. | ) ) | |

1

Pursuant to Federal Rule of Civil Procedure 26, Defendants KM Enterprises, Inc. and Rodney Kris Morgan (collectively, "KME"), by their undersigned attorneys, file this Response to Motion to Permit Use of Case Materials in Other Litigation.

KME disputes GTT's version of the meet and confer efforts. *See* Exhibit A (included are a seven page email string and a four-page email string; relevant content is included on pages 1 of 7 through 4 of 7 and 1 of 4 through 2 of 4). The most important issue on this motion is the briefing which was filed under seal and is identified as material that GTT wants to use in its motion in the Northern District of California. GTT has identified those portions as: Section II, pp. 9-14 of KME's Brief in Opposition to GTT's Motion for Summary Judgment (D.174) and KME's Brief in Opposition to GTT's Motion to Exclude Dean Thomson Report (D.163).

KME did not oppose the use of those materials and informed GTT and this Court that use of those materials was not an issue. Verified Motion for Extension of Time, D.550, pp.2-3, filed on December 24, 2014; Exhibit A, p. 1 of 4, served on December 26, 2014; Exhibit B, served December 31, 2014. KME informed GTT that it was free to file those documents and that if there was a concern about the protective order, they could be filed under seal. *Id*. Actually, GTT did not need KME's agreement for use of those materials as the law is clear, and has been briefed at length by KME in response to GTT's meaningless Motion for Rule to Show Cause filed in the Southern District of Illinois, that materials used in litigation may be filed publically. *See, e.g.,* Exhibit D. The court ruled that KME was not in contempt. Exhibit C.

KME was not responsible in its meet and confer to re-educate GTT's counsel concerning these issues, yet chose to inform them that they were free to use the briefing and encouraged GTT to timely supplement their motion to dismiss in the Northern California case before the January 5, 2015 deadline. Exhibit B. If GTT would have read the briefing in the related case or would have done legal research to inform itself of the issues prior to the December 11, 2014 meet and confer emails, the December 16, 2014 meet and confer telephone conference and the December 23, 2014 Motion to Permit Use, it would have known that it was free to use the briefing in its Northern California Motion to Dismiss, which was due on January 5, 2015. Instead, it filed its Northern California motion on December 23, 2014, using KME's alleged failure to cooperate and GTT's alleged lack of access to materials as the basis of their res judicata argument. Exhibit H, *KM Enterprises, Inc. et al v. GTT,* 14-cv-4906 (N.D. Cal.), D.30. p. 12, n.8. GTT did not discuss in its *res judicata* argument the procedural posture of the other proceedings and did not mention the previous antitrust suit which was pending at the time the Thomson Report was injected into the Minnesota litigation by GTT. Exhibit H. GTT did not mention that in the antitrust case pending on appeal at that time, GTT had raised the issue that the antitrust case should be brought as a compulsory counterclaim in the Minnesota proceeding. Exhibit E, *KM Enterprises, Inc. v. GTT,* 12-cv-00257, D.30, pp. 1-8. The case was dismissed without prejudice for improper venue. *Id,* D.47. The compulsory counterclaim issue was raised by GTT on appeal and was not addressed by the Seventh Circuit. Under Ninth Circuit precedent, a patent abuse claim is not required to be raised as a compulsory counterclaim.

KME requests that this Court deny GTT Motion to Permit Use as to the briefing filed in this litigation as GTT did not confer in good faith and did not take action after KME informed it that it should supplement and develop its *res judicata* argument. Exhibit A, p. 1 of 4; Exhibit B. The Motion to Dismiss deadline in the Northern California case was January 5, 2015. That court granted an extension of time for KME's response, but allowed GTT's request that the briefing be expedited in order to maintain GTT's chosen February 5, 2015 hearing date. The issue as to GTT's motion for permission to use case material as to Section II, pp. 9-14 of KME's Brief in Opposition to GTT's Motion for Summary Judgment (D.174) and KME's Brief in Opposition to GTT's Motion to Exclude Dean Thomson Report (D.163) is moot and should be denied as such.

KME's concern regarding the Thomson Expert Report was that it arguably was covered as protected discovery material that could only be used for the above-captioned litigation and that GTT would use that portion of the protective order against KME in future litigation. *See e.g.,* Exhibit C; Exhibit D (There was additional briefing on this issue in the Southern District of Illinois and in the Seventh Circuit, which will be provided to the Court upon request). In the Southern Illinois antitrust proceeding, KME's position was that information should be publically filed, unless protection was needed for information that was actually confidential. In this patent proceeding, the parties filed entire documents under seal, and for good reason. GTT went to great lengths to require non-public filings. *See, e.g.,* Exhibit C; Exhibit D.

The Thomson Report was simply a legal memorandum prepared by a construction lawyer that discussed GTT's alleged competitive bidding violations. It was prepared for

4

possible use in KME's tortious interference claim and was disclosed in discovery and labeled confidential. At GTT's request, KME's coincident tortious interference claim in the Southern District of Illinois was voluntarily dismissed. Exhibit E, p. 8. The Thomson Report was injected into the litigation by GTT as an exhibit to it Motion for Summary Judgment and filed under seal with a designation that it was under the protective order. Exhibit F, D. 129-19. Under the protective order, if GTT wanted to challenge the confidentiality designation it could have done so. Exhibit G, D.80. Instead, it filed the document under seal, designating it as under the protective order. Exhibit F. Perhaps GTT wanted to keep the evidence of alleged competitive bidding violations a secret. GTT's argument was that it should not be used in support of the tortious interference claim. D. 128. GTT then filed a Motion to Exclude the Thomson Report and its motion was granted. KME on this motion opposed the public filing of the Thomson Report in the Northern California litigation prior to the Court's construction of the provisions involving discovery materials, in light of GTT's conduct in this and other litigation in disregard of rules of procedure and case precedent. If confidential discovery materials served under the protective order are confidential, that construction needed to be made clear.

    KME's position on this issue is that all materials disclosed in the above-captioned cause, including discovery materials, should be freely available for use in the California proceeding, subject to any ruling the California court would make on a proper motion. This is line with the trend in precedent. *See Ericson v. Ford Motor Co.,* 107 F.R.D. 92 (E.D. Ark. 1986)(Court denied protective order that would have prevented public disclosure of information obtained in discovery, observing that the request for a

5

protective order reflected an inappropriate practice among some attorneys to automatically seek protective orders in every case where any potential for embarrassment or harm, no matter how slight, exists); *Johnson Foils Inc. v. Huyck Corp.,* 61 F.R.D. 405 (ND NY 1973)(court unwilling to prevent disclosure of information obtained through discovery to others litigating similar issues on the grounds that the Federal Rules of Civil Procedure do not foreclose collaboration in discovery, as long as there is no evidence that the moving party is exploiting one case solely to assist in the litigation of another); *cited in Discovery Proceedings in Federal Court, Limiting an Enforcing Discovery Obligations,* §20:13 (West 2014).

Wherefore, KME respectfully requests that this court order that GTT Motion for Permission to Use Section II, pp. 9-14 of KME's Brief in Opposition to GTT's Motion for Summary Judgment (D.174) and KME's Brief in Opposition to GTT's Motion to Exclude Dean Thomson Report (D.163) be denied as moot. KME additionally requests that this Court order that all documents filed under seal and disclosed as confidential in discovery, including the briefing sections denied as moot, may be used in the antitrust case filed in the Northern District of California subject to any protective order entered in that court.

Dated: January 7, 2015.

**Jana Yocom, P.C.**

/s/ Jana Yocom

_____

Jana Yocom (6193677)
320 S. 11th
Suite 1
Mount Vernon, Illinois 62864
618-731-1944
Admitted *pro hac vice*


Rasmus Law Firm, LLC
Dan Rasmus (260289)
Andrew Birkeland (391080)
310 Groveland Avenue
Minneapolis, MN 55403
612-746-0321

*Attorneys for Defendants KM Enterprises, Inc. and Rodney Kris Morgan*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of January, 2015 the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Chad Drown (chad.drown@faegrebd.com)
James Poradek (james.poradek@faegrebd.com)
Timothy Grimsrud (tim.grimsrud@faegrebd.com)
Timothy Sullivan (timothy.sullivan@faegrebd.com)
Faegre Baker Daniel, LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402

/s/ Jana Yocom

_____

Jana Yocom